**Arthur O. DAVIDSON, et al. d/b/a Davidson Management Co., Plaintiff,**

**v.**

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 80–662–MC.**

United States District Court, D. Massachusetts.

March 8, 1982.

Arthur E. Levine, Boston, Mass., for plaintiff.

Paul Troy, Asst. U. S. Atty., Boston, Mass., for defendant.

McNAUGHT, District Judge.

**MEMORANDUM AND ORDER ON MOTION TO DISMISS FOR LACK OF JURISDICTION**

This matter was submitted without argument on defendant's motion to dismiss for lack of jurisdiction, F.R.Civ.P. 12(b)(1).

---

Matters beyond the pleadings have been submitted to and considered by me.

The plaintiff, persons doing business as a real estate management company, entered into an agreement to lease with the defendant, United States Postal Service (lessee), in August of 1967. The property which was the subject of the lease was the United States Post Office in Pittsfield, Massachusetts. From 1967 to 1976 the defendant paid for repairs and maintenance with respect to certain portions of the premises; then, in 1976 an attorney for the defendant questioned the Postmaster in Pittsfield as to why such costs of repairs were being borne by the lessee when the lease provided that they should be borne by the lessor. On the basis of this interpretation, the lessee Postal Service started to deduct costs of repairs from the monthly rental payments to lessor in November of 1976. The plaintiff resisted on the ground that the responsibility of the lessor was limited by Special Condition 7 of the specifications, incorporated into the agreement to lease. The disagreement concerning the meaning of the Special Condition was the catalyst which prompted plaintiff to seek an opinion from the United States Postal Service (see plaintiff's Exhibit "A" attached to plaintiff's memorandum). In a letter, one Theodore H. Widman, acting manager of the New England Field Office of the Postal Service wrote to the Davidson Management Company on August 10, 1976: "Since the drawings, specifications and general provisions were incorporated into the lease, this entire question becomes a lease dispute. The Postal Service Board of Contract Appeals does not have jurisdiction over lease disputes". Plaintiff concurred with the position taken by the acting manager. In June of 1977, plaintiff commenced an action, a bill for declaratory relief in this court (Civil Action No. 77–1673–F). No injunctive relief was sought. Defendant denied jurisdiction in its Answer (jurisdiction under the Declaratory Judgment Act). More than two years later, in November of 1979, defendant filed a motion to dismiss for lack of jurisdiction. Among the grounds set forth for that motion was a failure on the part of plaintiff to exhaust administrative remedies due to the existence of "Clause No. 11 of the General Conditions", a Disputes Clause. (See memorandum in support of defendant's motion, page 2.) It is conceded in footnote 2 that "Defendant's counsel did not appreciate the full import of Clause No. 11". At any rate, in December of 1979 the case was dismissed without prejudice so that a possible sale of the facility could be negotiated.

The facility was not sold, and plaintiff instituted this action in April of 1980, seeking preliminary injunctive relief. On July 29, 1980, I held a hearing, and on August 8, 1980 filed a statement of reasons for the denial of injunctive relief.

At that time, says defendant, "U. S. Postal Service counsel realized the full import of Clause 11". (See defendant's memorandum, page 3.) This motion to dismiss was filed, and was taken into consideration to some extent by me as a reason for denying the preliminary injunction.

Despite the letter by Mr. Widman, and despite the concessions of defendant that it did not appreciate the significance or import of Clause No. 11, the defendant now argues that "it is eminently clear" that the presence of a Disputes Clause in a government contract gives the appropriate agency board jurisdiction over claims arising out of that contract. In years past some leases with the Postal Service have used a Disputes Clause, while others have not. This one, says defendant, did. It is argued by the defendant that the presence of such a clause gives an appropriate agency board jurisdiction over any claim. Indeed, continues defendant, by reason of the Contract Disputes Act of 1978, 41 U.S.C. § 601 et seq., the jurisdictional powers of contract appeal boards was expanded. 41 U.S.C. § 602(a)(3). I agree with defendant's contention that a Board of Contract Appeals no longer has to rely on the presence of a Disputes Clause in a contract for jurisdiction. The Act became effective March 1, 1979, and the lease in this case predated it. The contract here, however, contained a Disputes Clause in General Condition 11,

according to defendant. If the Disputes Clause applies to the agreement as well as to construction activities, then plaintiff's claim would have been subject to the disputes procedure, under the reasoning employed here.

To this point, then, I agree with the reasoning of defendant and, were nothing more to be considered, would apply the doctrine of exhaustion of administrative remedies. In this case, however, (and it is to be noted that defendant concedes in its memorandum that a decision in this regard is "largely a discretionary matter with the court"), the equities weigh in favor of the plaintiffs. None of the lengthy complicated resort to the court in two separate instances would have occurred except for the letter of August 10, 1976, which, I have no doubt, misled the plaintiff with respect to its remedy. It does not appear that resolution of the issues presented calls for any administrative expertise. Neither has plaintiff here "flouted" the administrative process. *See U.S. v. Newmann,* 478 F.2d 829 (8th Cir. 1973). Plaintiff initially sought the exhaustion of administrative remedies. While defendant argues that the time lapse of four years in plaintiff obtaining a resolution of its claim is "largely attributable to Plaintiff", I cannot agree. (See defendant's memorandum, page 8). Defendant seeks to make it appear that plaintiff, after commencing suit in 1977, could have moved the matter to trial but failed to do so. In the light of the condition of the dockets of courts, and particularly this court, during that period of time, plaintiff probably had no control at all over the time when its case would come to trial. Defendant criticizes plaintiff for having agreed to a dismissal without prejudice in December, 1979. Both parties sought that dismissal when the possibility of a sale arose. Defendant is unfair in its criticism of plaintiff in that regard. Defendant criticizes plaintiff for failure to "discuss the claim or the lawsuits with Defendant's personnel". This assumes a duty to do so, or wisdom in following that course. There is no duty, and one would have to engage in speculation to determine whether such a course would have been a wise one.

For a long period of time, defendant admittedly did not realize the strength of its own argument. Having lulled plaintiff into believing that an appeal to the Postal Service Board of Contract Appeals was not only not required, but useless, defendant should not now profit thereby.

This court has original jurisdiction over actions brought by or against the United States Postal Service, 39 U.S.C. § 409(a); 28 U.S.C. § 1339. The motion to dismiss for failure to exhaust administrative remedies is, therefore, denied.